# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LUCRETIA GAY McFARLAND ) <br> as Personal Representative of the ) <br> Estate of DANIEL LEEPER McFARLAND,) <br> Deceased, ) <br>      Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> CORRECTIONAL HEALTHCARE ) <br> MANAGEMENT OF OKLAHOMA, INC., ) <br> a corporation, OKLAHOMA COUNTY ) <br> BOARD OF COUNTY ) <br> COMMISSIONERS, a Political ) <br> Subdivision of the State of Oklahoma, ) <br> JOHN WHETSEL, individually and ) <br> JOHN WHETSEL, in his official ) <br> capacity as Sheriff of Oklahoma County, ) <br> ) <br>      Defendants. ) | Case No. CIV-10-391-M |

## ORDER

Before the Court is Defendants Oklahoma County Board of County Commissioners ("BOCC") and Sheriff John Whetsel's ("Whetsel") Special Appearance and Motion to Dismiss, filed May 11, 2010. On May 28, 2010, plaintiff filed her response. No reply was filed. Based upon the parties' submissions, the Court makes its determination.

## I.  INTRODUCTION

Lucretia Gay McFarland ("Plaintiff") as spouse and next of kin of Daniel Leeper McFarland (Deceased) brings this action. Plaintiff alleges violation of her civil rights as premised upon the Civil Rights Act of 1861, 1790 and 1871, 42 U.S.C. § 1983, 1985 and 1988, and the 4th, 5th, 8th, and 14th Amendments to the United States Constitution. Specifically, on or about October 23, 2008, Daniel Leeper McFarland was incarcerated in the Oklahoma County Jail. In her Complaint, plaintiff

1

alleges the Oklahoma County Jail was "under the exclusive management and control of defendants, their agents, employees and representatives". On or about January 5, 2009, Daniel Leeper McFarland passed away. Plaintiff also states as "spouse and next of kin of Daniel Leeper McFarland (Deceased) and as personal representative of the Estate of Daniel Leeper McFarland" while incarcerated in the Oklahoma County Jail "defendants failed to take adequate medical measures to afford Daniel Leeper McFarland proper and adequate medical care." Plaintiff also alleges in her Complaint the deceased "suffered from medical conditions which required ongoing medical supervision, treatment and medical care." In her Complaint plaintiff contends defendants caused Daniel Leeper McFarland's death by "deliberate indifference to the needs and appropriate medical care for physical and mental illnesses, diabetes and heart problems while incarcerated in the Oklahoma County Jail." Plaintiff also contends that as a result of the wrongful death of her spouse she has "suffered grief, loss of companionship, love and affection."

## II.      MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

In *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007)) the United States Supreme Court announced the standard for motions to dismiss, and stated that a complaint must contain enough factual allegations "to state a claim to relief that is plausible on its face." A court deciding a Rule 12(b)(6) motion "should assume the veracity" of "well-pleaded factual allegations," but need not accept a plaintiff's conclusory allegations as true. *Id.* at 1949-51.

III. DISCUSSION

Plaintiff asserts claims based on the alleged deliberate indifference of Correctional Healthcare Management of Oklahoma, Inc., a medical provider, BOCC and Whetsel. Plaintiff claims all three defendants, and each of them, were deliberately indifferent as to the needs and appropriate medical care for her deceased husband's physical and mental illnesses, diabetes and heart problems while incarcerated in the Oklahoma County Jail. However, in her Complaint, plaintiff fails to specifically identify how any of the named defendants were negligent but rather goes through a litany of conclusory allegations directed towards all "defendants and each of them". Plaintiff alleges:

> a. Deliberate indifference to the needs and appropriate medical care for physical and mental illnesses, diabetes and heart problems while incarcerated in the Oklahoma County Jail;
>
> b. Deliberate indifference to the need for appropriate medical care necessary to sustain the deceased, Daniel Leeper McFarland's life;
>
> c. Failing to provide sufficient trained personnel to recognize the serious nature of the deceased's condition while in the custody of the jail;
>
> d. Failing to adopt, incorporate and enforce such rules, regulations, policies and procedures through operation and management of the Oklahoma County Jail as would have reasonably protected and provided Daniel Leeper McFarland with the necessary medical care, treatment and life protecting remedies;
>
> e. That the acts and conduct of the defendants, and each of them, constitute negligence;
>
> f. That the acts and failures to provide necessary medical support and care by the Defendants, and each of them, was in violation of the Federal Constitution, Federal and State laws, and regulations of the Oklahoma State Health Department.

It is now well settled that "the treatment a prisoner receives in prison and the conditions

3

under which he is confined are subject to scrutiny under the Eighth Amendment." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). As the decedent was a pretrial detainee rather than a convicted prisoner at the time of his death, his rights as a pretrial detainee are protected under the Due Process Clause. *Id.* A two-part analysis identical to that of the Eight Amendment is applied to determine whether the decedents's rights were violated. *Id.* First, the deprivation alleged must be "objectively, sufficiently serious". Second, the inmate must demonstrate there was a "sufficiently culpable state of mind" meaning the officials must exhibit "deliberate indifference to inmate health or safety." *Id.*

    A.    <u>Defendant Oklahoma County Board of County Commissioners</u>

As previously noted, plaintiff makes no specific allegations as to the BOCC . The BOCC contends it is not liable because plaintiff's complaints result from the decedent's incarceration in the Oklahoma County Jail. Specifically, the BOCC contends, as the party responsible for the jail neither reports to nor is controlled by the BOCC, there is no basis in this case by which the BOCC could be held liable. The BOCC also asserts plaintiff has failed to allege sufficient factual support in her Complaint for its constitutional claim against the BOCC.

To hold the BOCC , a governmental body, liable plaintiff must demonstrate that "the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers," such that official policy is responsible for a deprivation of constitutional rights. *Monell v. Dep't of Soc. Serv. of City of New York*, 436 U.S. 658, 690 (1978). It is also clear that local government entities such as the BOCC can be sued "for constitutional deprivations visited pursuant to governmental custom even though such a custom has not received formal approval through the body's official

decision making channels." *Id.* at 691.

The Court upon review of the Complaint filed herein finds plaintiff has failed to make any specific allegation of wrong doing or factual basis for imposition of liability on the BOCC, but rather simply makes conclusory allegations as to all named defendants. Accordingly, the Court grants the BOCC's motion to dismiss. The BOCC is dismissed as a party to this action.

    B.    <u>Defendant John Whetsel</u>

In her Complaint, plaintiff also list as a defendant, Sheriff John Whetsel, individually and in his capacity as Sheriff of Oklahoma County.

    1.    <u>Official Capacity</u>

As previously noted, in her Complaint, plaintiff fails to make any specific factual allegations as to the BOCC or Whetsel. Rather, plaintiff concludes that because the Oklahoma County Jail, where decedent was incarcerated, was under the exclusive management and control of the defendants, including Whetsel, all are liable for his death. Plaintiff makes no specific allegation as to Whetsel but concludes that the acts and failure of all named defendants to provide necessary medical support and care for decedent constitutes negligent conduct by each defendant. Whetsel contends plaintiff has failed to allege facts sufficient to establish his personal participation in the alleged constitutional deprivations or that any alleged failure on his part to supervise, contributed to the alleged violations. Whetsel also contends there is insufficient factual support referenced in plaintiff's Complaint of any deliberate or intentional act by him to violate decedent's constitutional rights.

"An official-capacity suit is, in all respects other than name, to be treated as a suit against the entity. It is *not* a suit against the official personally, for the real party in interest is the entity."

*Kentucky v. Graham* 473 U.S. 159, 165 (1985) (internal citations omitted) (emphasis in original). To establish the liability of an official acting in his official capacity, the plaintiff must show that the allegedly unconstitutional act was in execution of "a government's policy or custom." *Monell at* 694. "Absent a showing of an 'affirmative link' between the constitutional violation and the supervisor's own actions, or failure to supervise, a supervisor is not liable under section 1983." *Mee v. Ortega*, 967 F.2d 423, 431 (10th Cir. 1992).

Having reviewed the Complaint, the Court finds that plaintiff has failed to present sufficient factual support for her allegations against Whetsel. As plaintiff has failed to demonstrate an "affirmative link" between the alleged constitutional violations and Whetsel's actions or in actions the Court finds defendants' motion to dismiss as to Whetsel in his official capacity should be granted.

### 2. Individual Capacity

Plaintiff also asserts a claim against Whetsel in his individual capacity. As previously noted, in her Complaint, plaintiff fails to make any factual allegations as to Whetsel. Whetsel contends plaintiff fails to allege his personal participation, therefore he has no individual liability for plaintiff's alleged constitutional violations. Whetsel also asserts, as an officer being sued in his individual capacity, he is entitled to qualified immunity.

"Individual liability under § 1983 must be based on personal involvement in the alleged constitutional violation." *Gallagher v. Shelton*, 587 F.3d, 1063, 1069 (10th Cir. 2009). "Supervisory status alone does not create § 1983 liability." *Id.* Under the doctrine of qualified immunity, a government official performing discretionary functions is shielded from liability for civil damages. *Mitchell v. Forsyth* 472 U.S. 511, 522-24 (1985). "Qualified immunity is an

6

entitlement not to stand trial or face the other burdens of litigation." *Verdecia v. Adams,* 327 F.3d 1171, 1174 (10th Cir. 2003) (internal citation omitted). Defendants sued in their individual capacities, in an action under § 1983, "are entitled to qualified immunity unless it is demonstrated conduct violated clearly established constitutional rights of which a reasonable person in their positions would have known." *Murrell v. Sch. Dist. No. 1*, 186 F.3d 1238, 1251 (10th Cir. 1999). As previously noted, plaintiff has failed to present sufficient factual support for her claim of individual liability and personal involvement against Whetsel. Accordingly, the Court finds defendants' motion to dismiss as to Whetsel in his individual capacity should be granted.

IV. CONCLUSION

For the reasons set forth above, the Court GRANTS defendants Oklahoma County Board of County Commissioners of Oklahoma County and Sheriff John Whetsel's motion to dismiss in its entirety [docket no. 6].

**IT IS SO ORDERED this 2nd day of March, 2011.**

*[signature: Vicki Miles-LaGrange]*
VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE